Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd, Suite 170
Los Angeles, CA  90036
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com

Attorneys for Plaintiff, STACEY GRANGER

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| STACEY GRANGER, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| NCO FINANCIAL SYSTEMS, INC., | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

## COMPLAINT

STACEY GRANGER (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC., (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United

States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business and has an office in the State of California, and therefore, personal jurisdiction is established.

*4.* Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person residing in Elkton, Maryland.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company with an office located in Rancho Cordova, Sacramento County, California.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant sent collection letters to Plaintiff seeking and demanding payment for an alleged debt.

12. Plaintiff was informed that a payment to Defendant was "returned" from Plaintiff's financial institution.  However, Plaintiff never authorized any payment to be made to Defendant.

13. Plaintiff called Defendant on the telephone in an attempt to identify the source of the alleged debt and request validation of the alleged debt as Plaintiff does not owe the alleged debt.

14. Plaintiff was continuously placed on hold when she attempted to contact Defendant.

15. Defendant hung up on Plaintiff repeatedly after placing Plaintiff on hold for an extended period of time.

16. Defendant threatened to report Plaintiff to the credit bureaus.

17. Defendant did not send a debt validation letter to Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress and/or abuse Plaintiff because Defendant placed Plaintiff on hold for extended periods of time and constantly hung up on Plaintiff.

    b. Defendant violated *§1692e* of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of a debt.

    c. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character status of the debt because Plaintiff does not owe the alleged debt.

    d. Defendant violated *§1692e(8)* of the FDCPA by threatening to communicate credit information which is known or should be known to be false.

PLAINTIFF'S COMPLAINT

e. Defendant violated *§1692e(10)* of the FDCPA by using false representations and/or deceptive means in an attempt to collection a debt.

f. Defendant violated *§1692f(1)* of the FDCPA by collecting any amount no expressly authorized by any agreement.

g. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiff, STACEY GRANGER, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, STACEY GRANGER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: June 8, 2009               KROHN & MOSS, LTD.


By:   /s/Ryan Lee_____
      Ryan Lee
      Attorney for Plaintiff